UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JOSE RAMOS-ROMERO,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 6:19-259-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Jose Ramos-Romero is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Ramos-Romero filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Ramos-Romero's petition.

In 2004, a jury convicted Ramos-Romero of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1) and (2). *See United States v. Ramos-Romero*, No. 3:03-cr-055 at R. 497 (D.P.R. 2004). The trial court then sentenced Ramos-Romero to a total of 425 months in prison. *See id.* Ramos-Romero filed a direct appeal, but the United States Court of Appeals for the First Circuit affirmed the trial court's judgment. *See United States v. Gonzalez-Velez*, 466 F.3d 27 (1st Cir. 2006). Ramos-Romero's subsequent efforts to vacate his

sentence pursuant to 28 U.S.C. § 2255 were unsuccessful. *See Ramos-Romero v. United States*, No. 3:08-cv-1231 (D.P.R. 2008).

Ramos-Romero has now filed a § 2241 petition with this Court. [R. 1]. As an initial matter, Ramos-Romero's petition is extremely difficult to follow. That said, as best as the Court can tell, Ramos-Romero is primarily trying to collaterally attack his underlying convictions and sentence. Indeed, Ramos-Romero repeatedly claims that he is "actually innocent" of the crimes for which he was convicted in light of a number of United States Supreme Court decisions, including but not limited to *United States v. Davis*, 139 S. Ct. 2319 (2019), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2251 (2015). Ramos-Romero also suggests that the trial court improperly sentenced him as a career offender under § 4B1.1 of the United States Sentencing Guidelines in light of multiple Supreme Court decisions, including but not limited to *Mathis v. United States*, 136 S. Ct. 2243 (2016). Ultimately, Ramos-Romero asks this Court to grant him relief.

Ramos-Romero's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Ramos-Romero cannot use a § 2241 petition as a way of challenging his convictions and sentence.

It is true that there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). Ramos-Romero has not made such a showing. In fact, his petition is quite confusing and, thus, he has not demonstrated in any clear way that a new rule of statutory law renders him actually innocent of one or both of his convictions. And while Ramos-Romero relies on the Supreme Court's decisions in *Davis*, *Dimaya*, and *Johnson*, all three of those cases involved constitutional questions, not issues of statutory interpretation. Thus, Ramos-Romero's challenge to his underlying convictions is without merit.

Ramos-Romero's attack on his underlying sentence in also misplaced. To be sure, there is a narrow exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016). The Sixth Circuit also expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005)." *Id.* at 599. More recently, in *Wright v. Spaulding*, --- F.3d ---, No. 17-4257, 2019 WL 4493487, at *9 (6th Cir. Sept. 19, 2019) (publication pending), the Sixth Circuit clarified *Hill* and held that a federal prisoner cannot bring this kind of claim in a § 2241 petition "without showing that he had no prior reasonable opportunity to bring his argument for relief."

Ramos-Romero does not meet the *Hill/Wright* criteria. For starters, the trial court sentenced Ramos-Romero under the guidelines in April 2005, after the Supreme Court's January 2005 decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Ramos-Romero's challenge to his sentence does not fall within *Hill*'s narrow framework. *See Loza-Gracia v. Streeval*, No. 18-5923 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). Therefore, Ramos-Romero's attack on his sentence does not even get off the ground.

Moreover, even if Ramos-Romero could challenge his sentence in these proceedings, he has not established that a retroactive rule of statutory interpretation causes his sentence to be a miscarriage of justice or fundamental defect. Ramos-Romero does cite *Mathis*, the 2016 case in which the Supreme Court clarified the so-called "categorical approach." However, as the Sixth Circuit recently explained, "*Mathis* did not invent the categorical approach," and, "[i]n fact, it did not even break new ground." *Wright*, 2019 WL 4493487, at *9. Instead, "[t]he Court's holding in *Mathis* was dictated by prior precedent (indeed two decades worth)." *Id.* (quoting *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017)). Thus, Ramos-Romero did not need *Mathis* to assert his argument that his sentence was improperly enhanced. In other words, Ramos-Romero cannot show "he had no prior reasonable opportunity to bring his argument for relief." *Wright*,

4

2019 WL 4493487, at *9.  Thus, Ramos-Romero's reliance on *Mathis* is unavailing.  And while Ramos-Romero cites several other cases to support his claim, he has not adequately explained how any of these cases establish that he is entitled to relief from his sentence.

Finally, the Court recognizes that, at the end of Ramos-Romero's petition, he attempts to raise a claim related to either 18 U.S.C. § 3585 or the Bureau of Prisons' power to have a state facility designated *nunc pro tunc* as a place of federal confinement.  [*See* R. 1 at 12-13].  However, this claim is difficult to follow, and, in any event, it is wholly separate from all of Ramos-Romero's other claims, which attack the validity of his underlying convictions and sentence.  Thus, to the extent that Ramos-Romero wants to pursue this § 3585/*nunc pro tunc* claim, the Court will require him to file a separate § 2241 petition in which he more clearly articulates the facts of his case and the basis for this unrelated claim.

Accordingly, it is **ORDERED** as follows:

1. Ramos-Romero's claims collaterally attacking his underlying convictions and sentence are **DENIED WITH PREJUDICE**.

2. That said, Ramos-Romero's unrelated § 3585/*nunc pro tunc* claim is **DENIED WITHOUT PREJUDICE**.  This means that Ramos-Romero may still pursue this claim via a separate § 2241 petition.

3. All pending motions in this action are **DENIED** as moot.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

5. A corresponding Judgment will be entered this date.

Dated November 7, 2019



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY